11 LOMBARD, Judge.

STATEMENT OF THE CASE AND PROCEDURAL HISTORY

On November 14, 2002, the Department of Social Services, Office of Community Services (“DSS/OCS”) instituted an investigation into the physical abuse of C.W., a three-year old child. After a preliminary investigation, physical abuse was confirmed, and the boyfriend of the child’s mother was placed under suspicion. When confronted, the child’s mother acknowledged the injuries, but denied the abuse, and offered no plausible explanation for the injuries. She further denied her boyfriend’s involvement.
C.W. came into the custody of DSS/OCS by oral instanter order on November 15, 2002 at the request of a child protection investigator. The oral order was confirmed on November 18, 2002 by Judge Lawrence L. Lagarde, Jr. and the custody hearing was set for the following day. In the Affidavit in Support of Instanter Order, attested to by the Child Protection Investigator, Pakima Betz-Stamps, the alternative services issue was addressed in Paragraph Number 8, which states: “That the following services have been offered to prevent the necessity of removal of said child(ren), to no avail: Ms. Webb’s refusal to protect her child from the perpetrator indicated that she would not comply with a safety plan. L Consequently a hold order was deemed necessary. Relatives were found for the placement of Clarence subsequent to the hold order.” (emphasis added).
At that time, the child was placed with relatives pending the hearing. A hearing for continued custody was held in juvenile *72 court on November 19, 2002. Judgment was rendered on November 19, 2002, wherein the court found probable cause for the issuance of the hold order. Provisional protective custody of the child was awarded to DSS/OCS pending the filing of a petition and further proceedings.
Although the juvenile court agreed with appellant in finding probable cause for the hold order, the court expressed the finding that appellant made no reasonable efforts to arrange an informal placement of the child with relatives prior to getting the hold order: “The Court does not find that the Agency made reasonable efforts regarding placement with a relative prior to taking the child into custody for his protection.” It is this finding of “no reasonable efforts” that appellant takes issue with in this appeal.

ARGUMENT

Appellant argues that the juvenile court’s finding that appellant did not make reasonable efforts for placement with relatives prior to obtaining the hold order is contrary to law and facts. Specifically, appellant submits that it acted within its authority, pursuant to La. Ch.C. art. 622(A), to request that the child be placed in the temporary custody of the State. Article 622 states:
A. Unless the best interest of the child requires a different placement, a child who is determined to be abused, neglected, or harmed and whose parents have failed to protect, or who is taken into custody as a child in need of care shall be placed, pending a continued custody hearing, in accordance with this priority:
(1)In the home of a relative who is of the age of majority and with whom the child has been living in a wholesome and stable environment and who is willing hand able to continue to offer such environment for the child pending an adjudication hearing.
(2) In the home of a relative who is of the age of majority and who is willing and able to offer a wholesome and stable environment for the child pending an adjudication hearing.
(3) In foster care under the supervision of the department until further orders of the court.
(4) The following, among other relatives, are those who may be considered and to whom care of the child may be entrusted and are fisted in the order of priority:
(a) Grandparent.
(b) Aunt or uncle.
(c) Sibling.
(d) Cousin.
It is argued by appellant that the option of informally placing the child with an aunt who was available at the time would not have afforded the child any legal protection. Specifically, appellant asserts that informal placement with the relative would not have been secure, and would have allowed the mother to withdraw the child at any time. Instead, appellant submits that the decision was made to seek a hold order, thereby conferring legal custody to the State, and preventing the mother from retrieving the child pending the continued custody hearing. Appellant contends that its decision was influenced by the mother’s lack of candor concerning the abuse during the investigation.

LAW AND DISCUSSION

The judgment rendered by the juvenile court judge states in pertinent part:
The Court, after the taking of testimony of the worker and the mother, finds that there was probable cause for the issuance of the hold order based on the physical danger to the child as the mother offered no plausible explanation for *73 the child’s injuries; that preventative services are being offered to the parents; that there is a substantial immediate danger which precludes preventative services as an alternative to removal. The Court does not find that the Agency made reasonable efforts regarding placement with a relative prior to taking the child into custody for his protection. The mother was advised of her rights and the consequences of the child being in need of care. (Emphasis added.)
14Accordingly, the Court awards the provisional custody of said child to the Department of Social Services pending the filing of a petition and further proceedings in this matter.
After a review of the record, it is apparent that the juvenile court agreed with appellant in finding probable cause for the issuance of the hold order. The court, however, took issue with appellant’s efforts in investigating alternatives to the hold order. Statements made by the juvenile court on the record give insight into the court’s ruling. The juvenile court opined that appellant failed to investigate every avenue such as a protective order or obtaining the consent of the mother to place the child with a relative while petitioning the District Attorney’s Office. Specifically, the judge stated, ‘You don’t go the measure of getting a hold order unless you absolutely have to. And you have to rule out all of those other things in order to get to that point.”
The finding of the juvenile court, that appellant failed to make reasonable efforts, is based upon the statutory requirement set forth in La. Ch.C. art. 619(B), which provides:
B. The Court shall determine whether reasonable efforts have been made by the department to prevent or eliminate the need for the child’s removal, including whether the department has requested a temporary restraining order pursuant to Article 617 or a protective order pursuant to Article 618. In making and determining reasonable efforts, the child’s health and safety shall be the paramount concern. However, the court may authorize the removal of the child even if the department’s efforts have not been reasonable.
The record indicates that the judge was of the opinion that appellant failed to make the reasonable efforts contemplated by La. Ch.C. art. 619(B). The judge further stated on the record that appellant was required to find relatives and make an assessment of whether or not the relatives were willing and able to care for the | ¡¡child. The • court stated further that, “With respect. to their, seeking out and finding appropriate relatives, I cannot find that they made reasonable efforts to that [sic], based on the testimony of the worker.”
In fact, the OCS worker testified that a relative was located who was willing to take the child, and that the relative was capable of providing for the child’s needs. Appellant further testified that the mother of the child agreed to leave him with the relative, but the OCS was worried that she might change her mind. DSS/OCS argued that the child would have been in danger at the relative’s home because the mother could have revoked her consent and removed the child from the relative’s home without the State being made aware of that event, thereby exposing the child to the boyfriend again.
Moreover, the OCS Child Protection Investigator specified in the Affidavit in Support of the Instanter Order that the reason for requesting a hold order in lieu of an informal placement arrangement with relatives was due to the mother’s lack of can *74 dor during the investigation and failure to protect her child from future exposure to the perpetrator. The mother initially lied to the OCS investigator when she stated that her boyfriend was the child’s “uncle.” She never offered any reasons for the injuries, instead continuing to call the impact marks a “rash.” Even the juvenile court found that the mother failed to offer any “plausible explanation” for the child’s injuries. Thus, the OCS worker considered the mother unwilling to protect her child from the boyfriend and determined that in order to protect the child adequately, the State must have legal custody of the child pending the custody hearing. Meanwhile, the OCS placed the child with relatives pending the hearing. Thus, the State had legal custody of the child, while the relatives had physical custody.
| ^Careful consideration of the evidence demonstrates that the OCS Child Protection Investigator did exactly what the juvenile court wanted OCS to do: investigate relative placement options prior to obtaining the hold order. The worker, in fact, placed the child with relatives; however, the OCS worker and her supervisor believed that such placement, without a change in legal custody, was insufficient to protect the child. Even though the OCS worker determined that the relatives could provide a safe placement for the child, the agency considered the child to be at risk without the transfer of legal custody from the mother to the State because of the mother’s refusal to acknowledge the abuse and to identify her boyfriend as the abuser. Thus, the OCS worker placed the child with relatives and sought the instanter order to ensure the child’s safety pending the custody hearing.
After a comprehensive review of the record, we find that, under the circumstances of this case,- the OCS had sufficient justification to be concerned that the child would not be adequately protected without requesting a hold order. Accordingly, we affirm the judgment of the juvenile court as it relates to the probable cause finding, but reverse the portion of the judgment where the juvenile court found that DSS/ OCS failed to exert “reasonable efforts regarding placement with a relative prior to taking the child into custody....”
The well established standard of appellate review requires that an appellate court may not set aside a trial court’s or jury’s finding of fact in the absence of “manifest, error”- or unless it is “clearly wrong”. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). As explained by the Louisiana Supreme Court in Rosell, an appellate court may not substitute its judgment if the trial court’s findings are reasonable in light of the record reviewed in its entirety. This same standard of 17review must also be applied in appeals from our juvenile courts. In re A.J.F., 00-0948 (La.6/30/00), 764 So.2d 47. Applying this standard of appellate review, we consider the portion of the juvenile court’s findings of fact pertaining to the probable cause for issuance of the hold order to be reasonable in light of the record, but conclude that the portion of the judgment finding that the OCS failed.to make reasonable efforts with relative placement prior to obtaining a hold order to be unreasonable in light of the circumstances evidenced in the record.

CONCLUSION

After a thorough review of the record, we ■ find the juvenile court judge’s ruling, that appellant failed to make reasonable efforts in investigating the child’s placement with relatives prior to seeking a hold order, is incorrect under the factual circumstances of this case where the mother failed to appreciate the danger to her child *75 and failed to be completely forthright with the OCS during the investigation. Thus, we find manifest error in that portion of the lower court’s ruling. Accordingly, the portion of the judgment wherein the juvenile court found probable cause for the issuance of the hold order is affirmed, and the portion of the judgment finding that the State agency failed to make reasonable efforts to place the child informally with relative prior to obtaining the hold order is reversed.

AFFIRMED IN PART; REVERSED IN PART.